■ MICHAEL MORAN, Respondent, v. ABERCROMBIE & FITCH COMPANY, Defendant-Appellant and Third-Party Plaintiff-Appellant. HENRY PHIPPS ESTATES, INC., Third-Party Defendant; OTIS ELEVATOR COMPANY et al., Third-Party Defendants-Respondents.— Judgment for plaintiff against defendant Abercrombie & Fitch Company and dismissing third-party complaint, unanimously modified, on the law and on the facts, to reverse and vacate the judgment for plaintiff, with $50 costs to defendant-appellant Abercrombie & Fitch Company as against plaintiff, and new trial directed, on the facts and in the interests of justice, and judgment otherwise affirmed, with $50 costs to third-party defendants-respondents as against said defendant and third-party plaintiff Abercrombie. The verdict is contrary to the weight of the evidence on the theory of negligence submitted to the jury and, furthermore, on the record here, it is grossly excessive. Under the charge of the court, read as a whole, the case was submitted to the jury on the basis of plaintiff's allegations that the defendant was negligent in the failure to comply with a general custom and practice to equip the first-floor elevator door with a parking or automatic locking device to

securely lock the door when the elevator is not at the landing and to furnish a special emergency key to be available only for use in operating the door when the elevator was not at the landing. The evidence, however, does not support a finding of the existence of a standard custom and practice applicable to the elevator as claimed by plaintiff and, thus, the verdict is not sustainable on this theory. In this connection, plaintiff's case purports to rest upon the expert testimony of the former supervising inspector of elevators for the city. The expert admitted, however, that the elevator itself, having been installed in 1917, was not subject to the provisions of New York City Administrative Code (§§ C26–844.0; C26–903.0) which required the installation of an emergency unlocking device on elevators constructed after January 1, 1938 and the keeping of a special emergency key to open such elevators when not at the landing. Furthermore, he testified and the court charged without exception, that this elevator was in all respects a proper installation as of the time of the accident and that there were no violations. Finally, on the state of the record, his testimony is unsatisfactory to establish the existence of a standard custom and practice which would supplement the code provisions to require the furnishing by defendant of a special emergency key to be kept separately in a plate-glass receptacle for use when this elevator was not at the landing. In fact, his ultimate position was that there was a violation of the code provisions when the service key for this elevator was also used to open the door when the elevator was not at the landing. But the plaintiff does not claim here that the verdict is supported on this theory. Concur — Botein, P. J., Stevens, Eager and Steuer, JJ.; McNally, J., concurs in the following memorandum: I concur for reversal but would dismiss the complaint on the ground that plaintiff failed to prove actionable negligence and, further, that plaintiff was guilty of contributory negligence. Plaintiff, an elevator operator, brought this action to recover damages for personal injuries suffered when he fell down the elevator shaft in a department store operated by defendant. Plaintiff's employer, third-party defendant Allied Maintenance Corporation, had a contract with defendant to render all janitorial, watchman and elevator services on the premises. At night the elevators were customarily left on the first floor with the doors closed. One elevator operator was scheduled to come in early every morning at 8:30. On the day of the accident plaintiff was the operator scheduled to come in early. Plaintiff was instructed whenever he came in early to use the elevator he sought to board at the time of the accident. The shaftway door was locked. He used a key which was kept in a switch outlet box to open it. The key was inserted in an opening of the shaftway door. In order for plaintiff to sustain a recovery it would be necessary to find that it was negligence on the part of defendant to have a shaftway door at the ground floor which could be opened by a key when the elevator was not at the ground floor. No such duty is imposed on the defendant on the facts of this case. The provisions of the New York City Administrative Code relied on do not apply to a building such as here involved constructed prior to January 1, 1938. The lights in the vicinity of the shaftway were adequate. There was an indicator above the elevator shaftway door showing where the elevator was located. Plaintiff did not look at the indicator before attempting to open the shaftway door. Instead, he opened it and stepped into the shaftway without attempting to verify whether the elevator was at the landing. Plaintiff's said omissions in my judgment constituted contributory negligence.